**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X
UNITED STATES OF AMERICA

                            Plaintiff,  **SHORT ORDER**
                                        11-CV-4819 (ADS) (ETB)

-against-

PIERRE CALLARD, Deceased, MAGDA
SHIRLEY CALLARD, LATOYA NEWKIRK,
EDWARD "DOE," PEOPLE OF THE STATE OF
NEW YORK, JOHN DOE #1-10 and XYZ
CORPORATION, said names being fictitious, but
intending to designate tenants, occupants or other
persons, if any, having or claiming any estate or
interest in possession upon the premises or any
portion thereof known as 12 South 25th Street,
Wyandach, New York 11798,

                            Defendants.

-------------------------------------------------------------- X

**APPEARANCES:**

**Mullen and Iannarone, P.C.**
*Attorneys for the United States Department of Housing and Urban Development*
300 Main Street, Suite 3
Smithtown, NY 11787
    By: Dolores M. Iannarone, Esq., Of Counsel

**NO APPEARANCE:**

Pierre Callard, *deceased*
Magda Shirley Callard
People of the State of New York
"John Doe" #1-10
XYZ Corporation
Latoya Newkirk
Edward "Doe"

**SPATT, District Judge.**

       On October 3, 2011, the United States Department of Housing and Urban Development,

an agency of the United States of America ("the Plaintiff" or "the United States") commenced

this action by filing the Complaint against defendants Pierre Callard, deceased; Magda Shirley Callard; United States Internal Revenue Service; People of the State of New York, "John Doe" #1-10 and XYZ Corporation, said names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof known as 12 South 25th Street, Wyandach, New York. The Plaintiff brings this action to foreclose a mortgage upon real property situated in the County of Suffolk, State of New York. On December 24, 2011, the Court granted the Plaintiff's motion to amend the pleadings so as to replace John Doe # 1 and #2 with Latoya Newkirk and Edward "Doe," respectfully, and to remove the United States Internal Revenue Service as a party defendant, as it was confirmed that there were no outstanding federal tax liens on the premises in question.

Presently before the Court is Plaintiff's motion, dated May 24, 2012, (1) to dismiss defendants "John Doe #1-10" and "XYZ Corporation"; (2) for a default judgment against the remaining allegedly defaulting defendants; (3) for the appointment of a Master to sell the mortgaged premises in one parcel; (4) for the ascertainment and computation of the amount due to the Plaintiff for principal and interest, or otherwise, upon the promissory note and mortgage mentioned in the Complaint; (5) for judgment for the relief demanded in the Complaint; and (6) for such other and further relief as the Court deems just and proper.

However, in bringing this motion, the Plaintiff has failed to comply with Local Civil Rule 7.1 and therefore, the Court denies the motion without prejudice. The Plaintiff may re-file this motion, provided the Plaintiff complies with Local Civil Rule 7.1 and includes the following motion papers with its motion:

> (1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes

> pursuant to which the motion is brought, and shall specify relief sought by the motion;
>
> (2) *__A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined__*; and
>
> (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Local Civil Rule 7.1(a) (emphasis added). In addition, as this Court's April 24, 2012 Order made clear (see Dkt. No. 18), to the extent the Plaintiff wishes to dismiss one of more parties in this action, the Plaintiff must submit the motion with a proposed amended caption in conformance with this Court's Individual Rule II.C.

Also, while the Plaintiff has obtained a certificate of default as to defendants Magda Shirley Callard, Latoya Newkirk and People of the State of New York on April 3, 2012 (Dkt. No. 15), the Plaintiff has not obtained a certificate of default as to defendant Edward "Doe," because his last name is fictitious (see Docket, April 3, 2012 NOTICE). As such, before re-filing the motion for a default judgment and within sixty days of the date of this Order, the Court directs the Plaintiff to either (1) determine the real name of Edward "Doe" and, upon learning his actual name, to file a request for a certificate of default or (2) in the event the Plaintiff is unable to determine the real name of Edward "Doe," provide the Court with legal authority establishing that the Clerk of Court may still note the default of defendant Edward "Doe," although his name is fictitious.

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that the Plaintiff's motion is denied in its entirety without prejudice to re-file the motion in accordance with Local Civil Rule 7.1(a) and Individual Rule II.C. The Clerk of Court is directed to terminate Docket Nos. 19 and 20; and it is further

**ORDERED** that prior to re-filing the motion for default judgment and within sixty days of the date of this Order, the Plaintiff must either (1) determine the real name of defendant Edward "Doe" and, upon learning his actual name, file a request for a certificate of default or (2) provide the Court with legal authority establishing that the Clerk of Court may still note the default of defendant Edward "Doe," although his name is fictitious.

**SO ORDERED.**

Dated: Central Islip, New York
January 7, 2013

                                                      */s/ Arthur D. Spatt*
                                                     ARTHUR D. SPATT
                                                    United States District Judge