**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
UNITED STATES OF AMERICA

                              Plaintiff,       **MEMORANDUM OF**
                                              **DECISION AND ORDER**
           -against-                      11-CV-4819 (ADS) (ETB)

PIERRE CALLARD, Deceased, MAGDA
SHIRLEY CALLARD, LATOYA NEWKIRK,
EDWARD "DOE," PEOPLE OF THE STATE OF
NEW YORK, JOHN DOE #1-10 and XYZ
CORPORATION, said names being fictitious, but
intending to designate tenants, occupants or other
persons, if any, having or claiming any estate or
interest in possession upon the premises or any
portion thereof known as 12 South 25th Street,
Wyandach, New York 11798,

                                       Defendants.

-------------------------------------------------------------X

**APPEARANCES:**

**Mullen and Iannarone, P.C.**
*Attorneys for the Plaintiff*
300 Main Street, Suite 3
Smithtown, NY 11787
    By:  Dolores M. Iannarone, Esq., Of Counsel

**NO APPEARANCE:**

Pierre Callard, *deceased*
Magda Shirley Callard
Latoya Newkirk
Edward "Doe"
People of the State of New York
"John Doe" #1-10
XYZ Corporation

**SPATT, District Judge.**

       On October 3, 2011, the Plaintiff the United States of America ("the Plaintiff")

commenced this action to foreclose upon real property situated in the County of Suffolk, State of

New York. The Complaint was filed against the Defendants Pierre Callard, deceased; Magda Shirley Callard; United States Internal Revenue Service; People of the State of New York; and "John Doe #1–10" and "XYZ Corporation," said names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof known as 12 South 25th Street, Wyandach, New York. Latoya Newkirk and Edward "Doe" were later added as party defendants, while the United States Internal Revenue Service was dismissed from the action.

Presently before the Court are the Plaintiff's May 8, 2013 requests (1) for an order directing service by publication on Jocelyn Callard, Edward Diaz and Richard Diaz and (2) to voluntarily dismiss the Defendant Magda Shirley Callard from this action. However, in the course of reviewing these requests, it has come to the Court's attention that there are a number of procedural errors in this case. The Court shall address these concerns below.

## I. BACKGROUND

As stated above, on October 3, 2011, the Plaintiff commenced this action by filing the Complaint against the Defendants Pierre Callard, deceased; Magda Shirley Callard; United States Internal Revenue Service; People of the State of New York; and "John Doe #1–10" and "XYZ Corporation," said names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof known as 12 South 25th Street, Wyandach, New York. In bringing this action, the Plaintiff seeks to foreclose a mortgage upon real property situated in the County of Suffolk, State of New York.

On December 14, 2011, the Plaintiff moved to amend the Original Complaint so as to replace John Doe # 1 and #2 with Latoya Newkirk and Edward "Doe," respectfully, and to

remove the United States Internal Revenue Service as a Defendant, as it was confirmed that there were no outstanding federal tax liens on the premises in question. On December 24, 2011, the Court granted the Plaintiff's motion.

On January 5, 2012, the Plaintiff filed an Amended Complaint, which added Latoya Newkirk and Edward "Doe" as Defendants and removed the United States Internal Revenue Service as a Defendant. The Amended Complaint was served upon Latoya Newkirk, Edward "Doe," Magda Shirley Callard and the People of the State of New York on January 4, 2012. The form of service was unspecified.

On April 2, 2012, the Plaintiff requested a Certificate of Default for the Defendants Magda Shirley Callard, Edward "Doe," Latoya Newkirk and the People of the State of New York. On April 3, 2012, the Clerk of the Court notified the Plaintiff that a Certificate of Default could not be made as to Edward "Doe," because his name was fictitious. However, on that same date, April 3, 2012, the Clerk of the Court entered a Certificate of Default for the Defendants Magda Shirley Callard, Latoya Newkirk and the People of the State of New York.

On April 23, 2012, the Plaintiff filed a motion requesting the Court issue an order directing the Clerk of the Court to enter the default of Edward "Doe," and to remove "John Doe #1–10" and "XYZ Corporation" from the caption in this action. On April 24, 2012, the Court denied the Plaintiff's motion without prejudice because (1) the Plaintiff failed to submit a proposed caption in conformance with the Court's Individual Rule II.C and (2) the Plaintiff's request for an entry of default was not made as a motion in conformance with Local Civil Rule 7.1 and the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Thereafter, on May 4, 2012, the Plaintiff filed a motion (1) to dismiss defendants "John Doe #1-10" and "XYZ Corporation"; (2) for a default judgment against the remaining allegedly defaulting defendants; (3) for the

3

appointment of a Master to sell the mortgaged premises in one parcel; (4) for the ascertainment and computation of the amount due to the Plaintiff for principal and interest, or otherwise, upon the promissory note and mortgage mentioned in the Complaint; and (5) for judgment for the relief demanded in the Amended Complaint.

On January 7, 2013, the Court denied the Plaintiff's motion without prejudice, because the Plaintiff again failed to comply with Local Civil Rule 7.1 and the Court's Individual Rule II.C.  In this regard, the Plaintiff failed to file "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion and divided, under appropriate headings, into as many parts as there are issued to be determined[,]" as required by Local Civil Rule 7.1(2).  Moreover, the Plaintiff failed to submit a proposed amended caption with the motion to dismiss "John Doe #1-10" and "XYZ Corporation," as required by Court's Individual Rule II.C.

In addition, in its January 7, 2013 Order, the Court noted that while the Plaintiff had obtained a Certificate of Default as to the Defendants Magda Shirley Callard, Latoya Newkirk and the People of the State of New York on April 3, 2012, the Plaintiff had not obtained a certificate of default as to defendant Edward "Doe," because his last name is fictitious. Therefore, the Court directed the Plaintiff "before re-filing the motion for a default judgment and within sixty days of the date of this Order, . . . to either (1) determine the real name of Edward 'Doe' and, upon learning his actual name, to file a request for a certificate of default or (2) in the event the Plaintiff is unable to determine the real name of Edward "Doe," provide the Court with legal authority establishing that the Clerk of Court may still note the default of defendant Edward 'Doe,' although his name is fictitious."  (Dkt. No. 22.)

On February 4, 2013, the Plaintiff requested a 60-day extension of time, from March 8, 2013 to May 8, 2013, to notify the Court of the status of the case in connection with the Court's January 7, 2013 Order.  In this request, the Plaintiff informed the Court that it had identified Louis Callard as the son of Pierre Callard, and thus, he had to be named in the action.  The Plaintiff further advised that Louis Callard had been served the summons and complaint in this action and consented to the entry of a default judgment of foreclosure.  Moreover, the Plaintiff stated that there were four other heirs of Pierre Callard in addition to Louis Callard, and that the Plaintiff was currently trying to locate them.  These heirs were Edward Callard, Jessie Callard, Jocelyn Callard and Margaret Callard.  Of importance, in a sworn affidavit dated February 1, 2013, Louis Callard noted that the Defendant Magda Shirley Callard died on September 16, 1975, and that Jessie Callard died about twenty years ago, leaving three sons, Joseph Diaz, Richard Diaz and Edward Diaz.

On February 5, 2013, the Court granted the Plaintiff's request for an extension of time. Citing to New York Real Property Actions and Proceeding Law § 1311, the Court noted that "the Plaintiff failed to identify all necessary defendants before commencing this action or before moving for default judgment."  (Dkt. No. 25.)  The Court directed the Plaintiff, by May 8, 2013, to "(1) [] determine the identities of all necessary defendants and to notify the Court of such; or (2) in the event that all of the necessary defendants cannot be determined, provide the Court with legal authority establishing that the relief which the Plaintiff seeks—a foreclosure sale—may still be awarded by this Court."  (Dkt. No. 25.)

After the Court's February 5, 2013 Order, the Plaintiff has not taken any actions to dismiss the Defendants "John Doe#1–10" and "XYZ Corporation" or file a Second Amended Complaint in order to name the necessary defendants to this action, including Pierre Callard's

5

heirs. Rather, using a caption that does not name any of the necessary defendants and still includes Defendants that are deceased, the Plaintiff has obtained waivers of service of summons and complaint from Marie Christine Karoll, daughter of Pierre Callard; Edward Callard, son of Pierre Callard; and Joseph Diaz, Jr., grandson of Pierre Callard. Edward Callard's waiver was dated February 20, 2013. Neither Marie Chrstine Karoll nor Joseph Diaz, Jr.'s waivers were dated.

On May 8, 2013, the Plaintiff submitted a status report pursuant to the Court's January 7, 2013 and February 5, 2013 Orders. In the status report, the Plaintiff advised that Pierre Callard's heirs are Louis Callard, Edward Callard, Marie Christine Karoll a/k/a Margaret Callard, Jocelyn Callard and Jessie Callard, deceased. According to the Plaintiff, Louis Callard, Edward Callard and Marie Christine Karoll have been served and waived service, but Jocelyn Callard has not been located.

The Plaintiff also informed the Court that Jessie Callard is deceased and that she has three heirs at law to the estate of Pierre Callard, her sons Richard, Edward and Joseph Diaz. Apparently, the Plaintiff contacted each of Jessie Callard's sons and received a waiver of service from Joseph Diaz. However, the Plaintiff claims that after serving the summons and complaint with waiver of service, it has lost contact with Richard Diaz and Edward Diaz, and telephone calls have gone unheeded. Consequently, the Plaintiff requests that the Court permit it to serve Jocelyn Callard, Richard Diaz and Edward Diaz via publication pursuant to New York Civil Procedure Law and Rules § 315 and § 314(2).

In addition, also on May 8, 2013, the Plaintiff filed a notice of voluntary dismissal with this Court, seeking to dismiss Magda Shirley Callard from this action. However, again, despite

6

the Court's previous instructions in its April 23, 2012 and January 7, 2013 Orders, the Plaintiff failed to include an amended caption in conformance with this Court's Individual Rule II.C.

## II.  DISCUSSION

### A. As to the Defendants Pierre Callard and Magda Shirley Callard

Throughout the course of this action, the Plaintiff has seemingly taken a patchwork approach to this case that has caused additional litigation.  As the Court explained in its February 5, 2013 Order:

> [u]nder New York Real Property Actions and Proceeding Law § 1311, when a plaintiff brings a mortgage foreclosure action, it must name certain necessary defendants.  Specifically, a plaintiff must join, as a party defendant "[e]ach of the following persons, whose interest is claimed to be subject and subordinate to the plaintiff's lien . . . : (1) [e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein[;] (2) [e]very person having a right of dower or an inchoate right of dower in the real property or any part or share thereof[;] (3) [e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff[;] [and] (4) [w]here the mortgage is upon any of the public utilities regulated by the public service law, the public service commission." N.Y. R.P.A.P.L. § 1311.

(Dkt. No. 25.)  However, apparently without identifying all the necessary defendants before commencing this action or before moving for a default judgment, the Plaintiff filed its Original Complaint, which named two Defendants that are deceased and did not name any of Pierre Callard's heirs.  This was done even though the Plaintiff knew at the commencement of this lawsuit that Pierre Callard was deceased, even noting that fact in the caption.

Pursuant to Fed. R. Civ. P. 17, determinations as to whether an individual who is not acting in a representative capacity has the capacity to be sued is governed by the law of the

7

individual's domicile.  Fed. R. Civ. P. 17(1).  In this case, it appears Pierre Callard was domiciled in the state of New York.  Under New York State law, "[a]fter death, no person, natural or artificial, can be the owner of a cause of action or can appear in court and litigate a controversy.  Since a dead person cannot be a party to an action, those who have succeeded to the rights of action or property of the deceased should not be bound by a judgment rendered against the deceased after death."  MacAffer v. Boston & M. R. R., 268 N.Y. 400, 403–04, 197 N.E. 328, 329 (1935); see also Patterson v. Rodgers, 708 F. Supp. 2d 225, 238 n. 20 (D. Conn. 2010) ("Where [a defendant] died before the commencement of [the] [p]laintiff's present suit, [the] [p]laintiff's action against him may be subject to dismissal.").  Accordingly, the Court dismisses this action as against the Defendant Pierre Callard.

Similarly, the Defendant Magda Shirley Callard died on September 16, 1975, decades before the commencement of this action.  The Plaintiff apparently failed to determine this fact until February 5, 2013, one year and four months after commencing this action, when it was presumably prompted to do so by the Court's January 7, 2013 Order.  As such, this action must also be dismissed as against the Defendant Magda Shirley Callard.

The Court notes that the Plaintiff filed a notice of voluntary dismissal as to the Defendant Magda Shirley Callard on May 8, 2013.  The Plaintiff provides no explanation as to why it took three months to file this notice of voluntary dismissal from when it discovered that Magda Shirley Callard was deceased and therefore could not be a party to this action.  Also troubling, in this case, the Plaintiff failed to include an amended caption with the May 8, 2013 notice of voluntary dismissal, despite the fact that the Court directed the Plaintiff in both its April 23, 2012 Order and its January 7, 2013 Order, pursuant to the Court's Individual Rule II.C, to include an

8

amended caption on any filings in which it sought to dismiss one or more parties from the action but not to dispose of the entire case.

Of importance, "[a] district court may dismiss a plaintiff's complaint for 'fail[ure] to prosecute or to *comply with the Rules or a court order*.'" Coats v. Department of Veteran Affairs, 268 F. App'x 125, 126 (2d Cir. 2008) (emphasis added) (internal brackets omitted). "Although not explicitly authorized by the rule, such dismissals may be made *sua sponte*." Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (citing Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)).

In this case, the Plaintiff's counsel has apparently continued to ignore directives from the Court, as well as the Fed. R. Civ. P., the Local Civil Rules and the Court's Individual Rules. Such conduct may be grounds for a finding of sanctions or dismissal of this action. The Court declines to do so at this time. However, the Court warns the Plaintiff's counsel that if she continues to disregard this Court's orders and/or the Local and Individual Rules, this Court may consider the measures set forth above.

**B.  As to the Defendants Edward "Doe," "XYZ Corporation" and "John Doe #1–10"**

A number of the Defendants that remain in this action still have names that are fictitious, particularly Edward "Doe," "XYZ Corporation" and "John Doe #1–10." The Plaintiff has attempted to dismiss "XYZ Corporation" and "John Doe #1–10" from this case on several occasions, but has failed to do so because of its repeated failure to comply with the Court's Individual Rule II.C in that it failed to include an amended caption. Nevertheless, it appears from a review of the docket that "XYZ Corporation" and "John Doe #1–10" were not served within 120 days after the filing of the Original Complaint, as required by Fed. R. Civ. P. 4(m). Indeed, a year and seven months has passed since the filing of the Original Complaint. In this

9

time, the Plaintiff has not ascertained the identities of these Defendants. "Since more than 120 days have passed since [the Plaintiff] filed the [Original] Complaint on [October 3, 2011], the Court dismisses without prejudice, pursuant to [Fed. R. Civ. P.] 4(m), the claims against the [two] unidentified defendants. These claims will be dismissed with prejudice unless [the Plaintiff] requests that they be reinstated within twenty days of the date of this [] Order." Roland v. Smith, No. 10 Civ. 9218 (VM), 2012 WL 601071, at *5 (S.D.N.Y. Feb. 22, 2012); see also Cole v. John Wiley & Sons, Inc., 2012 WL 3133520, at *17–18 (S.D.N.Y. Aug. 1, 2012) ("There is no indication in the record that the John Doe Defendants have ever been identified or served. . . . [W]ell over 120 days have passed since [the] [p]laintiff filed his Amended Complaint. . . . the Court sees no reason to refrain from dismissing the claims against the John Doe Defendants sua sponte, without prejudice, pursuant to Fed. R. Civ. P. 4(m).").

     Similarly, the Plaintiff has failed to identify the Defendant Edward "Doe," even though the Amended Complaint naming him as a defendant was filed on January 5, 2012. On January 7, 2013, this Court ordered the Plaintiff, within 60 days of the date of the Order, to determine the real name of the Defendant Edward "Doe" or else to provide the Court with legal authority establishing that the Clerk of the Court may still note his default, although his name is fictitious. Thereafter, the Court extended the Plaintiff's time to comply with the January 7, 2013 Order to May 8, 2013. Yet, in its May 8, 2013 status report, the Plaintiff failed to even address whether it had determined the real name of Edward "Doe." As such, the Court also dismisses Edward "Doe" from this action, without prejudice, pursuant to Fed. R. Civ. P. 4(m). The Plaintiff has twenty days from the date of this Order to request that the Court reinstate Edward "Doe" as a Defendant, otherwise the claims against him will also be dismissed with prejudice. See Cole, 2012 WL at *17–18, Roland, 2012 WL at *5.

10

**C.  As to Pierre Callard's Heirs**

In its May 8, 2012 status report, the Plaintiff requests permission to effectuate service on Jocelyn Callard, Edward Diaz and Richard Diaz by publication.  However, the Court finds that this request is not ripe for consideration.  The Plaintiff has not even filed a formal motion, in compliance with the Fed. R. of Civ. P. and the Local Civil Rule 7.1, requesting permission to file a Second Amended Complaint so as to add any of Pierre Callard's heirs, including Jocelyn Callard, Edward Diaz and Richard Diaz, as Defendants.  Under Fed. R. Civ. P. 15(a), a plaintiff may amend its complaint a second time "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Furthermore, the fact that the Plaintiff served a summons and complaints on and obtained waivers of service from a handful of Pierre Callard's heirs is irrelevant, because they are not parties to this action, as the Plaintiff never filed a Second Amended Complaint to add these individuals as Defendants.  The Plaintiff must first be granted leave by this Court to file a Second Amended Complaint adding Pierre Callard's heirs as Defendants in this action before it can serve the summons and complaint on or obtain waivers of service from these individuals.  Of importance, the Court advises that under Fed. R. Civ. P. 15(c)(1)(c), the Plaintiff may not even be permitted to add Pierre Callard's heirs as Defendants in this action at this stage of the litigation.

As a final matter, the Court notes that "Fed. R. Civ. P. 25(a)(1), permitting substitution of proper party upon death of a party, is not applicable to [Pierre Callard or Magda Shirley Callard] who [were] dead at [the] time [the] suit was filed."  Patterson, 708 F. Supp. 2d at 238 n. 20 (citing Moul v. Pace, 261 F. Supp. 616, 618 (D. Md. 1966)).

### III. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that within twenty (20) days of the date of this Order, the Plaintiff is to file an amended caption with this Court that reflects the dismissal of Pierre Callard, Magda Shirley Callard, "XYZ Corporation," "John Doe #1–10" and Edward "Doe" from this action, pursuant to the Court's Individual Rule II.C; and it is further

**ORDERED** that in the event Plaintiff chooses to reinstate "XYZ Corporation," "John Doe #1–10" and/or Edward "Doe" as Defendants in this action, it must notify the Court of this request in writing within twenty (20) days of the date of this Order; and it is further

**ORDERED** that the Plaintiff's request for service by publication is denied without prejudice as not being ripe for consideration. If the Plaintiff wishes to file a motion requesting leave from the Court to file a Second Amended Complaint in order to add Pierre Callard's heirs as Defendants in this action, it must do so within twenty (20) days of the date of this Order. This motion must comply with the Fed. R. of Civ. P., the Local Civil Rules, especially Local Civil Rule 7.1, and this Court's Individual Rules; and it is further

**ORDERED** that the Court warns the Plaintiff's counsel that failure to comply with this Order, the Local Civil Rules, the Court's Individual Rules and/or the Fed. R. Civ. P. may result in the Court considering a finding for sanctions or dismissal of this action.

**SO ORDERED.**

Dated: Central Islip, New York
May 14, 2013

                _____/s/ Arthur D. Spatt_____
                 ARTHUR D. SPATT
                United States District Judge