**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- X
UNITED STATES OF AMERICA

        Plaintiff,  **MEMORANDUM OF
               DECISION AND ORDER**
  -against-       11-CV-4819 (ADS) (ETB)

PIERRE CALLARD, Deceased, MAGDA
SHIRLEY CALLARD, LATOYA NEWKIRK,
EDWARD "DOE," PEOPLE OF THE STATE OF
NEW YORK, JOHN DOE #1-10 and XYZ
CORPORATION, said names being fictitious, but
intending to designate tenants, occupants or other
persons, if any, having or claiming any estate or
interest in possession upon the premises or any
portion thereof known as 12 South 25th Street,
Wyandach, New York 11798,
           Defendants.

----------------------------------------------------------------X

**<u>APPEARANCES:</u>**

**Mullen and Iannarone, P.C.**
*Attorneys for the Plaintiff*
300 Main Street, Suite 3
Smithtown, NY 11787
  By: Dolores M. Iannarone, Esq., Of Counsel

**<u>NO APPEARANCE:</u>**

Pierre Callard, *deceased*
Magda Shirley Callard
Latoya Newkirk
Edward "Doe"
People of the State of New York
"John Doe" #1-10
XYZ Corporation

**SPATT, District Judge.**

  On October 3, 2011, the Plaintiff the United States of America ("the Plaintiff")

commenced this action to foreclose upon real property situated in the County of Suffolk, State of

New York ("Suffolk County"). The Complaint was filed against the Defendants Pierre Callard, deceased; Magda Shirley Callard; United States Internal Revenue Service; People of the State of New York; and "John Doe #1–10" and "XYZ Corporation," said names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof known as 12 South 25th Street, Wyandach, New York. Latoya Newkirk and Edward "Doe" were later added as party defendants, while the United States Internal Revenue Service was dismissed from the action.

Presently before the Court is the Plaintiff's May 30, 2013 motion granting it permission to amend the caption of this action pursuant to Fed. R. Civ. P. 15(c). For the reasons that follow, the Court grants the motion in part and denies it in part.

## I. BACKGROUND

As stated above, on October 3, 2011, the Plaintiff commenced this action in order to foreclose a mortgage upon real property situated in Suffolk County. On December 14, 2011, the Plaintiff moved to amend the Original Complaint so as to replace John Doe # 1 and #2 with Latoya Newkirk and Edward "Doe," respectively, and to remove the United States Internal Revenue Service as a Defendant. It was confirmed that there were no outstanding federal tax liens on the premises in question. On December 24, 2011, the Court granted the Plaintiff's motion.

On January 5, 2012, the Plaintiff filed an Amended Complaint, which added Latoya Newkirk and Edward "Doe" as Defendants and removed the United States Internal Revenue Service as a Defendant. The Amended Complaint was served upon Latoya Newkirk, Edward "Doe," Magda Shirley Callard and the People of the State of New York on January 4, 2012. The form of service was unspecified.

On April 2, 2012, the Plaintiff requested a Certificate of Default for the Defendants Magda Shirley Callard, Edward "Doe," Latoya Newkirk and the People of the State of New York. On April 3, 2012, the Clerk of the Court notified the Plaintiff that a Certificate of Default could not be made as to Edward "Doe," because his name was fictitious. However, on that same date, April 3, 2012, the Clerk of the Court entered a Certificate of Default for the Defendants Magda Shirley Callard, Latoya Newkirk and the People of the State of New York.

On April 23, 2012, the Plaintiff filed a motion requesting the Court issue an order directing the Clerk of the Court to enter the default of Edward "Doe," and to remove "John Doe #1–10" and "XYZ Corporation" from the caption in this action. On April 24, 2012, the Court denied the Plaintiff's motion without prejudice because (1) the Plaintiff failed to submit a proposed caption in conformance with the Court's Individual Rule II.C and (2) the Plaintiff's request for an entry of default was not made as a motion in conformance with Local Civil Rule 7.1 and the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Thereafter, on May 4, 2012, the Plaintiff filed a motion (1) to dismiss defendants "John Doe #1-10" and "XYZ Corporation"; (2) for a default judgment against the remaining allegedly defaulting defendants; (3) for the appointment of a Master to sell the mortgaged premises in one parcel; (4) for the ascertainment and computation of the amount due to the Plaintiff for principal and interest, or otherwise, upon the promissory note and mortgage mentioned in the Complaint; and (5) for judgment for the relief demanded in the Amended Complaint.

On January 7, 2013, the Court denied the Plaintiff's motion without prejudice, because the Plaintiff again failed to comply with Local Civil Rule 7.1 and the Court's Individual Rule II.C. In this regard, the Plaintiff failed to file "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion and divided, under appropriate

headings, into as many parts as there are issued to be determined[,]" as required by Local Civil Rule 7.1(2). Moreover, the Plaintiff failed to submit a proposed amended caption with the motion to dismiss "John Doe #1-10" and "XYZ Corporation," as required by Court's Individual Rule II.C.

In addition, in its January 7, 2013 Order, the Court noted that while the Plaintiff had obtained a Certificate of Default as to the Defendants Magda Shirley Callard, Latoya Newkirk and the People of the State of New York on April 3, 2012, the Plaintiff had not obtained a certificate of default as to defendant Edward "Doe," because his last name is fictitious. Therefore, the Court directed the Plaintiff "before re-filing the motion for a default judgment and within sixty days of the date of this Order, . . . to either (1) determine the real name of Edward 'Doe' and, upon learning his actual name, to file a request for a certificate of default or (2) in the event the Plaintiff is unable to determine the real name of Edward "Doe," provide the Court with legal authority establishing that the Clerk of Court may still note the default of defendant Edward 'Doe,' although his name is fictitious." (Dkt. No. 22.)

On February 4, 2013, the Plaintiff requested a 60-day extension of time, from March 8, 2013 to May 8, 2013, to notify the Court of the status of the case in connection with the Court's January 7, 2013 Order. In this request, the Plaintiff informed the Court that it had identified Louis Callard as the son of Pierre Callard, and thus, he had to be named in the action. The Plaintiff further advised that Louis Callard had been served the summons and complaint in this action and consented to the entry of a default judgment of foreclosure. Moreover, the Plaintiff stated that there were four other heirs of Pierre Callard in addition to Louis Callard, and that the Plaintiff was currently trying to locate them. These heirs were Edward Callard, Jessie Callard, Jocelyn Callard and Margaret Callard. Of importance, in a sworn affidavit dated February 1,

2013, Louis Callard noted that the Defendant Magda Shirley Callard died on September 16, 1975, and that Jessie Callard died about twenty years ago, leaving three sons, Joseph Diaz, Richard Diaz and Edward Diaz.

On February 5, 2013, the Court granted the Plaintiff's request for an extension of time. Citing to New York Real Property Actions and Proceeding Law § 1311, the Court noted that "the Plaintiff failed to identify all necessary defendants before commencing this action or before moving for default judgment." (Dkt. No. 25.) The Court directed the Plaintiff, by May 8, 2013, to "(1) [] determine the identities of all necessary defendants and to notify the Court of such; or (2) in the event that all of the necessary defendants cannot be determined, provide the Court with legal authority establishing that the relief which the Plaintiff seeks—a foreclosure sale—may still be awarded by this Court." (Dkt. No. 25.)

After the Court's February 5, 2013 Order, the Plaintiff took no action to dismiss the Defendants "John Doe#1–10" and "XYZ Corporation" or file a Second Amended Complaint in order to name the necessary defendants to this action, including Pierre Callard's heirs. Rather, using a caption that did not name any of the necessary defendants and still included the Defendants that are deceased, the Plaintiff obtained waivers of service of summons and complaint from Marie Christine Karoll, daughter of Pierre Callard; Edward Callard, son of Pierre Callard; and Joseph Diaz, Jr., grandson of Pierre Callard. Edward Callard's waiver was dated February 20, 2013. The waivers of Marie Christine Karoll and Joseph Diaz, Jr. were not dated.

On May 8, 2013, the Plaintiff submitted a status report pursuant to the Court's January 7, 2013 and February 5, 2013 Orders. In the status report, the Plaintiff advised that Pierre Callard's heirs are Louis Callard, Edward Callard, Marie Christine Karoll a/k/a Margaret Callard, Jocelyn Callard and Jessie Callard, deceased. According to the Plaintiff, Louis Callard,

5

Edward Callard and Marie Christine Karoll have been served and waived service, but Jocelyn Callard has not been located.

The Plaintiff also informed the Court that Jessie Callard is deceased and that she has three heirs at law to the estate of Pierre Callard, her sons Richard, Edward and Joseph Diaz. Apparently, the Plaintiff contacted each of Jessie Callard's sons and received a waiver of service from Joseph Diaz. However, the Plaintiff claimed that after serving the summons and complaint with waiver of service, it had lost contact with Richard Diaz and Edward Diaz, and telephone calls had gone unheeded. Consequently, the Plaintiff requested that the Court permit it to serve Jocelyn Callard, Richard Diaz and Edward Diaz via publication pursuant to New York Civil Procedure Law and Rules § 315 and § 314(2).

In addition, also on May 8, 2013, the Plaintiff filed a notice of voluntary dismissal with this Court, seeking to dismiss Magda Shirley Callard from this action. However, again, despite the Court's previous instructions in its April 23, 2012 and January 7, 2013 Orders, the Plaintiff failed to include an amended caption in conformance with this Court's Individual Rule II.C.

In the course of reviewing the Plaintiff's May 8, 2013 requests, the Court noted a number of procedural errors in this case. Thus, on May 14, 2013, the Court issued an order (1) directing the Plaintiff, within twenty (20) days of the date of the order, to file an amended caption with the Court that reflected the dismissal of Pierre Callard, Magda Shirley Callard, "XYZ Corporation," "John Doe #1–10" and Edward "Doe" from this action, pursuant to the Court's Individual Rule II.C; (2) directing the Plaintiff, in the event it chose to reinstate "XYZ Corporation," "John Doe #1–10" and/or Edward "Doe" as Defendants in this action, to notify the Court of this request in writing within twenty (20) days of the date of the order; (3) denying the Plaintiff's request for service by publication without prejudice as not being ripe for consideration and directing the

6

Plaintiff, within twenty (20) days of the date of the order, to file a motion in compliance with the Fed. R. Civ. P., Local Civil Rules and the Court's Individual Rules, requesting leave from the Court to file a Second Amended Complaint if it wished to add Pierre Callard's heirs as Defendants in this action; and (4) warning the Plaintiff's counsel that failure to comply with the order, the Local Civil Rules, the Court's Individual Rules and/or the Fed. R. Civ. P. may result in the Court considering sanctions or a dismissal of this action.

On May 30, 2013, the Plaintiff filed the present motion to amend the caption pursuant to Fed. R. Civ. P. 15(c). As part of that motion, the Plaintiff requests that the Court reinstate Edward "Doe," "John Doe #1–10" and "XYZ Corporation" as Defendants in this action. The Plaintiff also seeks to amend the caption so as to add the heirs of Pierre Callard as Defendants.

Of note, despite the Court's May 14, 2013 Order and other prior warnings, the Plaintiff failed to comply with Local Civil Rule 7.1 when filing its motion. In this regard, as the Court has previously emphasized, Local Civil Rule 7.1 requires that motions include "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided under appropriate headings, into as many parts as there are issues to be determined[.]" The Plaintiff failed to include such a memorandum of law with its motion. Nevertheless, it appears that in lieu of a memorandum of law, the Plaintiff has included a four-page declaration by counsel. The declaration does not include a statement of facts, as required by the Court's Individual Rule IV.B.i, but it does include a very brief discussion of the issues and contains limited cites to cases and authorities in support of the Plaintiff's positions. Moreover, to date, the Plaintiff has not filed an amended caption with the Court that reflected the dismissal of Pierre Callard, Magda Shirely Callard, "XYZ Corporation," "John Doe #1–10" and Edward "Doe" from this action, although it was directed to do so by the Court in the May 14, 2013 Order.

## II. DISCUSSION

### A. As to the Defendants Edward "Doe," "XYZ Corporation" and "John Doe #1–10"

Pursuant to the Court's May 14, 2013 Order, the Plaintiff requests that the Court reinstate the fictitious Edward "Doe," "XYZ Corporation" and "John Doe #1–10" as Defendants in this action. While the Plaintiff is correct that fictitious names may be used for defendants at the commencement of a lawsuit when the identities of those defendants are not yet known, the Plaintiff has not addressed on what basis it may continue to use fictitious Defendants in an action that is now more than two years old, nor has it pointed to any legal authority establishing that the Clerk of Court may note the default of parties that are fictitious.

As discussed in the Court's prior decisions, in the two years since commencing this action, the Plaintiff has not ascertained the identities of the "XYZ Corporation" or "John Doe #1–10," both of which were named in the Original Complaint. Of importance, in Cole v. John Wiley & Sons, Inc., No. 11 Civ.2090(DF), 2012 WL 3133520 (S.D.N.Y. Aug. 1, 2012), the Court held that when"[t]here is no indication in the record that the John Doe Defendants have ever been identified or served" and "well over 120 days have passed since [the] [p]laintiff filed his [ ] Complaint[,]" there is "no reason to refrain from dismissing the claims against the John Doe Defendants sua sponte, without prejudice, pursuant to Fed. R. Civ. P. 4(m)." Cole v. John Wiley & Sons, Inc., 2012 WL 3133520, at *17–18 (S.D.N.Y. Aug. 1, 2012); see also Roland v. Smith, No. 10 Civ. 9218 (VM), 2012 WL 601071, at *5 (S.D.N.Y. Feb. 22, 2012) ("Since more than 120 days have passed since [the Plaintiff] filed the [Original] Complaint on [October 3, 2011], the Court dismisses without prejudice, pursuant to [Fed. R. Civ. P.] 4(m), the claims against the [two] unidentified defendants."). Accordingly, since the Plaintiff has not demonstrated that it has determined or attempted to determine the identities of "XYZ

Corporation" or "John Does #1–10," the Court denies the Plaintiff's request to reinstate these fictitious parties as Defendants.

Similarly, the Plaintiff has still not identified Edward "Doe," even though the Amended Complaint naming him as a defendant was filed on January 5, 2012. On January 7, 2013, this Court ordered the Plaintiff, within 60 days of the date of the Order, to determine the real name of the Defendant Edward "Doe" or else to provide the Court with legal authority establishing that the Clerk of the Court may still note his default, although his name is fictitious. Thereafter, the Court extended the Plaintiff's time to comply with the January 7, 2013 Order to May 8, 2013. Yet, in its May 8, 2013 status report, the Plaintiff failed to even address whether it had determined the real name of Edward "Doe." Similarly, in its present motion, the Plaintiff does not even discuss the issue that Edward "Doe" is fictitious. As such, the Court also declines to reinstate Edward "Doe" as a Defendant in this action.

**C. As to Pierre Callard's Heirs**

The Plaintiff also asks the Court to add the heirs of Pierre Callard as Defendants in this action. Since "there is no statute of limitations governing a mortgage foreclosure action where the United States' recovery is limited to the proceeds of the foreclosure sale," see U.S. v. Arena, No. 02–CV–5216 (JS)(WDW), 2009 WL 2413626, at *2 (E.D.N.Y. Aug. 4, 2009); see also U.S. v. Acomb, 216 F.3d 1073, 1073 (2d Cir. 2000), the Court finds that the Plaintiff does not need to comply with Fed. R. Civ. P. 15(c), which requires that when the statute of limitations has run, an amendment changing a party or a party's name must relate back to the date of the original pleading. Therefore, the Court grants the Plaintiff's motion to add Pierre Callard's heirs Jocelyn Callard, Margaret Callard a/k/a Marie Christine Karoll, Louis Callard, Edward Callard, Joseph Diaz and Edward Diaz, as Defendants in this action.

## III. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that the Plaintiff's motion to reinstate "XYZ Corporation," "John Doe #1–10" and/or Edward "Doe" as Defendants in this action is denied; and it is further

**ORDERED** that the Plaintiff's motion to amend the caption to add Pierre Callard's heirs Jocelyn Callard, Margaret Callard a/k/a Marie Chrsitine Karoll, Louis Callard, Edward Callard, Joseph Diaz and Edward Diaz, as Defendants in this action is granted. The Plaintiff is directed to serve a Second Amended Complaint with the amended caption provided within on all defendants in this case in compliance with the Fed. R. of Civ. P., the Local Civil Rules, and this Court's Individual Rules; and it is further

**ORDERED** that the caption in this case is amended as follows:

```
------------------------------------------------------------ X
UNITED STATES OF AMERICA
                                Plaintiff,

        -against-

THE ESTATE OF PIERRE CALLARD, his heirs at law,
JOCELYN CALLARD, MARGARET CALLARD a/k/a
MARIE CHRISTINE KAROLL, LOUIS CALLARD,
EDWARD CALLARD, JOSEPH DIAZ, RICHARD DIAZ,
EDWARD DIAZ and LATOYA NEWKIRK, occupant in
possession of the premises,

                                Defendants.
------------------------------------------------------------X
```

**SO ORDERED.**

Dated: Central Islip, New York
November 19, 2013

                                                   ____*/s/ Arthur D. Spatt*____
                                                   ARTHUR D. SPATT
                                             United States District Judge