**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

-against-

JOCELYN CALLARD, MARGARE
CALLARD, also known as
Marie Christine Karoll, LOUIS CALLARD,
EDWARD CALLARD, JOSEPH DIAZ,
RICHARD DIAZ, EDWARD DIAZ,
THE ESTATE OF PIERRE CALLARD
HIS HEIRS AT LAW,

                Defendants.
----------------------------------------------------------X

**FILED**
**CLERK**
3/10/2016 2:48 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

ADOPTION ORDER
11-cv-4819 (ADS)(AKT)

**APPEARANCES:**

**Mullen & Iannarone, P.C.**
*Attorneys for the Plaintiff*
300 East Main Street, Suite 3
Smithtown, NY 11787
        By: Dolores M Iannarone, Esq.
           Liberatore Joseph Iannarone, Esq.

**SPATT, District Judge**.

On October 3, 2011, the Plaintiff the United States of America (the "Plaintiff") commenced this action against the estate of Pierre Callard, Margaret Callard, People of the State of New York ("New York"), John Does and #1–10, and XYZ corporation, seeking to foreclose on a note and mortgage held by the Plaintiff securing the property of the estate of Pierre Callard located on 12 South 25th Street, Wyandach, New York.

On January 5, 2012, the Plaintiff filed an amended complaint adding Latoya Newkirk as a Defendant.

On November 27, 2013, at the behest of the Court, the Plaintiff amended its complaint for a third time, adding Jocelyn Callard, Joseph Diaz, Richard Diaz, and Edward Diaz as named

1

Defendants and removing John Does, XZY Corporations, and the People of the State of New York as named Defendants.

On January 21, 2014, the Court so-ordered a stipulation dismissing Latoya Newkirk from the action. Thus, the remaining Defendants in this Action are the Defendants Jocelyn Callard, Margaret Callard a/k/a Marie Chrsitine Karoll, Louis Callard, Edward Callard, Joseph Diaz, Richard Diaz, Edward Diaz, and The Estate of Pierre Callard his heirs at law (collectively, the "Defendants").

On August 21, 2014, the Clerk of the Court noted the default of the Defendants.

On March 26, 2015, the Plaintiff moved for a default judgment, which motion the Court referred to United States Magistrate Judge A. Kathleen Tomlinson for a report recommending whether a default judgment should be granted and if so, whether damages should be awarded.

On December 8, 2015, Judge Tomlinson issued an order directing the Plaintiff to file additional papers in support of its motion on or before January 4, 2016.

On February 3, 2016, the Plaintiff filed a motion for an extension of time *nunc pro tunc* to comply with Judge Tomlinson's December 8, 2016 Order.

On February 10, 2016, Judge Tomlinson issued a report recommending that the Court grant the Plaintiff's request for an extension of time and deny the Plaintiff's motion for default judgment without prejudice to provide the Plaintiff's counsel the opportunity to submit an amended motion accompanied by all the necessary information previously outlined by Judge Tomlinson in her December 8, 2015 Order (the "R&R").

On February 29, 2016, the Plaintiff filed an affidavit purporting to cure the deficiencies in its motion identified in the R&R. However, it failed to file any specific objections to the R&R.

2

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the January 8, 2016 R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the February 10, 2016 R&R is adopted in its entirety, and the Clerk of the Court is directed to terminate docket entries 64, 69, and 70. In light of the many opportunities the Plaintiff has been afforded to submit adequate motion papers, the Court adds that the Plaintiff may renew its motion for default judgment one final time within thirty days of the date of this Order. No further extensions will be granted and failure to so move may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41.

**SO ORDERED.**
Dated: Central Islip, New York
March 10, 2016

                                          _/s/ Arthur D. Spatt_
                                          ARTHUR D. SPATT
                                      United States District Judge