**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------
UNITED STATES OF AMERICA,

                Plaintiff,

-against-

JOCELYN CALLARD, MARGARET CALLARD, LOUIS CALLARD, EDWARD CALLARD, JOSEPH DIAZ, RICHARD DIAZ, EDWARD DIAZ, THE ESTATE OF PIERRE CALLARD *his heirs at law*

                Defendants.
-----------------------------------------------------------X

**FILED**
**CLERK**
2:01 pm, Feb 21, 2017
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ADOPTION ORDER**
11-cv-4819 (ADS)(AKT)

**APPEARANCES:**

**Mullen & Iannarone, P.C.**
*Attorneys for the Plaintiff*
300 East Main Street
Suite 3
Smithtown, NY 11787
        By:    Dolores M Iannarone, Esq.,
                 Liberatore Joseph Iannarone, Esq., Of Counsel

**NO APPEARANCES:**

**Jocelyn Callard, Margaret Callard, Louis Callard, Edward Callard, Joseph Diaz, Richard Diaz, Edward Diaz, the Estate of Pierre Callard** *his heirs at law*
*The Defendants*

**SPATT, District Judge**.

      On October 3, 2011, the Plaintiff United States Of America (the "Plaintiff") commenced this action Jocelyn Callard, Margaret Callard, Louis Callard, Edward Callard, Joseph Diaz, Richard Diaz, Edward Diaz, the Estate of Pierre Callard his heirs at law (the "Defendants") seeking to foreclose on a Home Equity Conversion Mortgage ("HECM") duly executed by Hannah Sobrane. The HECM was insured by and ultimately assigned to the United States Secretary of Housing and Urban Development (the "Secretary") pursuant to Section 255 of the

1

National Housing Act ("NHA"), 12 U.S.C. § 1715z-20, which authorizes the Secretary to "carry out a program of mortgage insurance designed to meet the special needs of elderly homeowners . . . through the insurance of home equity conversion mortgages to permit the conversion of a portion of accumulated home equity into liquid assets[.]" 12 U.S.C. § 1715z-20

On August 21, 2014, the Clerk of the Court noted the default of the Defendants.

On June 9, 2016, this Court referred the Plaintiff's motion for default judgment to United States Magistrate A. Kathleen Tomlinson for a report and recommendation as to whether the default judgment should be granted and, if so, whether damages should be awarded.

On February 1, 2017, Judge Tomlinson issued a report and recommendation (the "R&R") recommending that default judgment be granted; that the Plaintiff be awarded the account balance of $138,777.57; that the Plaintiff be awarded $3,034.00 in costs incurred; and that a judgment of foreclosure and sale be signed. The Plaintiff filed proof of service of the R&R to the Defendants on February 2, 2017.

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Clerk of the Court is directed to enter judgment for the Plaintiff in accordance with the R&R, and to close this case.

**SO ORDERED.**

Dated: Central Islip, New York

February 21, 2017

                                                             _/s/ Arthur D. Spatt_
                                                             ARTHUR D. SPATT
                                               United States District Judge